DWIGHT MAY, ATTORNEY GENERAL, ex rel. FISHER et al. vs. THE CITY OF DETROIT et al.

Where a city charter provides. that certain public works shall be let to the lowest responsible bidder, with sureties, and that the same shall be advertised, *Held*, That the following provision in the advertisement for the work, by the Controller, viz: " Builders are required to file a satisfactory bond with the Controller before the proposals are opened conditioned that should they be found to be the lowest bidders they will enter into a contract, with good and sufficient sureties to perform the work," was warranted by the charter, and that a party bidding, though the lowest bidder, has no right to insist upon the acceptance of his bid without first filing a bidders' bond.

*Wayne Circuit, October*, 1871.

*Levi T. Griffin*, Solicitor for Complainant; *G. V. N. Lothrop*, of Counsel.

*J. P. Whittman*, Solicitor for Defendants; *Theodore Romeyn* and *E. W. Meddaugh*, of Counsel.

*By the Court*, PATCHIN J.—
This is a motion to dissolve a temporary injunction granted

upon a bill in chancery filed for the purpose of obtaining a permanent injunction against the city of Detroit, restraining them from paying for certain paving upon Woodward avenue, in said city, that had already been contracted for with the defendants, Walton & Co., for the reason that the contract was illegal and void, not having been made in accordance with the provisions of the charter.

It is provided in the charter that all work of this kind shall be let to the lowest responsible bidder, with sureties, and that proposals for the same shall be advertised. The form of the advertisement, as well as the details of letting to the lowest responsible bidder, seems to have been left somewhat to the discretion of the parties who are required by the charter to perform that duty. The time, place and manner of presenting the proposals must be thus determined.

In the advertisement for proposals in the case at bar is the following provision : "Builders are required to file a satisfactory bond with the Controller before the proposals are opened, conditioned that should they be found to be the lowest bidders they will enter into a contract, with good and sufficient sureties to perform the work."

The Detroit Ironizing and Paving Company filed with the Controller sealed proposals, which are conceded to be the next lower proposals to those of Walton & Co., to whom the contract was let, but without complying with the above provisions by what is termed a bidder's bond, claiming that the Controller had no right to require them to do so. It is claimed on the part of the defendants that they neglected to thus comply with the conditions of the advertisement because the particular kind of pavement for which the bid was put in was secured by letters patent to other parties than themselves, to wit, the defendants, Walton & Co. It was conceded that in other cases, when the said Detroit Ironizing and Paving Company were the owners of the patent, they filed the necessary bidders' bond, and when the lowest bidders they were awarded the contract by the Common Council.

It therefore resolves itself into a question of right on the part of the Controller to require the bonds. It is conceded that up to 1869 these bidding bonds had not been required. In the proceed-

ings of the Common Council of January 8th, 1869, will be found the following :

" To the Honorable the Common Council :

GENTLEMEN—Mr. James French, who is the lowest bidder for paving, etc., of Farmer and Bates streets, declines to enter into a contract and perform the work. Messrs. Batchelder & Cook, who are the next lowest bidders for this paving, also decline to contract according to their proposals. Messrs. H. R. Johnson & Co., who are the next bidders for the paving, etc., of the above named streets, have agreed to perform the work at their proposal.

(Signed)　　　　　　　　B. G. STIMSON, Controller."

It will be seen from the above that instead of the lowest the highest bidder received the contract. It is entirely clear that up to this time those having the matter in charge had not so executed this provision of the charter, in this regard, as to secure to the city the very object of the law, namely that the contracts should be let to the lowest bidder, and that something more was necessary in order to properly carry out the very wholesome provisions of the charter in this respect. The additional requirement was therefore made that a bidders' bond should be filed." " The lowest *responsible* bidder" is the expression in the charter, and the Controller cannot under it contract with any other.

I cannot believe it to be the duty of the Controller to go out upon the street and make inquiry as to the responsibility of the holders or trust to his own previously acquired knowledge in regard to it. The charter does not provide the mode in which this information shall be obtained, and the Controller is therefore left to adopt such reasonable and proper regulations as will best carry out the objects of the law and secure the work done by the lowest *responsible* bidder, as contemplated by the charter. This, it seems to me, the Controller has most effectually done by requiring bidders' bonds to be filed with the proposals, that he may in his own office (where it is presumed his duties are to be performed) determine all the matters required of him by the law. And the public record thus made will for all time to come give notice to the world that no man's bid was ever acted upon, much less accepted, which did not possess all the qualifications required by the law.